IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL CALDWELL, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-cv-1552 |
| REO CONTRACTORS, INC., KINDALE PITTMAN, individually, and HOLLY KIRK, individually, | § § § § § | Jury Demanded |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Cheryl Caldwell, individually and on behalf of all others similarly situated, files this Original Complaint under the Fair Labor Standards Act ("FLSA") against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1.   The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not

less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945)(discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay its workers for all hours of work at the rates required by the FLSA. Plaintiff routinely worked in excess of 40 hours per week but was not paid overtime for doing this excessive work. Instead, Defendant misclassified its employees ("Plaintiff" and "Class Members," as defined below) as exempt from the protections of the FLSA and failed to pay proper regard to the amount of hours Plaintiff and Class Members actually worked or guarantee proper payment of the minimum wage. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

3. Plaintiff Cheryl Caldwell is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Her consent to be a party in this action is attached as "Exhibit A."

4. Plaintiff and "Class Members" are Defendants' current and former workers who were misclassified as exempt from overtime, paid on a salary basis, and were not paid overtime pay for overtime work as required by the FLSA.

5. Corporate Defendant Reo Contractors, Inc. is a corporation authorized to do business and that does business in the state of Texas. It can be served with process through

its registered agent, Gregory B. Stessel, at 2009 Platinum Street, Garland, TX 75042, or wherever he may be found.

6. Defendant Kindale Pittman is an individual residing in Texas and can be served with process at 6900 Twin Ponds Dr., Plano, TX 75074-8769, or wherever he may be found.

7. Defendant Holly Kirk is an individual residing in Texas and can be served with process at 114 Curtis Ln., Quinlan, TX 75474-8704, or wherever she may be found.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

### IV. COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

11. At all times hereinafter mentioned, Defendants have been employers within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

15. Defendant Reo Contractors, Inc. provides general contracting services for foreclosed properties in Texas and elsewhere. It conducts business throughout the United States and does more than $500,000.00 per year in business.

16. Defendant Kindale Pittman is the immediate past President, Owner, and Director of Reo Contractors, Inc. In these capacities, he had the power to hire and fire Reo employees and had this power over Plaintiff during the course of her relevant employment. Defendant Pittman was in charge of Plaintiff's schedule, supervised her work, misclassified her as exempt from overtime, and had knowledge of the overtime hours worked by

Plaintiff, but failed to provide proper redress or lawful pay for this excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

17. Defendant Holly Kirk is the Manager and immediate past Vice President of Reo Contractors, Inc. In these capacities, she has the power to hire and fire Reo employees and had this power over Plaintiff during the course of her relevant employment. Defendant Kirk was in charge of Plaintiff's schedule, supervised her work, misclassified her as exempt from overtime, and had knowledge of the overtime hours worked by Plaintiff, but failed to provide proper redress or lawful pay for this excessive work. In short, she is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

18. Plaintiff was employed by Defendants during the three years prior to the filing of this suit, from approximately May 2009 to July 2016, as a salaried, overtime-exempt employee.

19. At all times, Plaintiff was misclassified by Defendant as an exempt employee. However, Plaintiff's duties made her a non-exempt employee under the FLSA because Plaintiff:

    a. did not exercise discretion or independent judgment with respect to matters of significance or in performing her primary duties;

    b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c. did not carry out major assignments in conducting the operations of the business;

d. did not perform work that affects business operations to a substantial degree;

e. did not have the authority to commit the employer in matters that have significant financial impact;

f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

g. did not have the authority to negotiate and bind the company on significant matters;

h. did not provide consultation or expert advice to management;

i. was not involved in planning long- or short-term business objectives;

j. did not investigate or resolve matters of significance on behalf of management; and

k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

20. Plaintiff was primarily responsible for taking direction from management, quality assurance inspectors, and field superintendents, typing up summaries of work to be performed based on that information, updating notes and files, answering phones, and carrying out other non-manual, clerical tasks assigned to her.

21. In this capacity, Plaintiff regularly worked 40 or more hours in a workweek at one of Defendants' places of business and during the last three years—the period covered by this lawsuit. In fact, Plaintiff often worked 44 to 46 hours or more in a given week. However, Plaintiff was not paid lawfully for doing this excess work. Defendant knew that

Plaintiff worked in excess of 40 hours per week and they allowed and directed her to do so without providing proper payment for these excess hours. Instead, Plaintiff was paid under a pay scheme that paid her a flat salary, without regard to the amount of overtime hours she actually worked and without paying her overtime pay for overtime work.

22. Plaintiff and Class Members were not lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA because Defendants misclassified them as exempt from the overtime provisions of the FLSA. Plaintiff and Class Members routinely worked in excess of 40 hours per week but were not paid time-and-one-half their regular rates of pay for all of their excessive hours

23. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members. Defendants received complaints from Plaintiff or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff re-alleges and incorporates paragraphs 1–23 as if fully set forth herein.

25. Plaintiff and Class Members performed the same or similar job duties as one another and were/are paid under the same pay policy or practice in that they were paid on a salary basis, regularly worked more than 40 hours per week, and were improperly classified as exempt employees. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice

that resulted in the misclassification and non-payment of overtime pay for overtime hours worked that applied to Plaintiff applies/applied to all Class Members. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week because they were misclassified as exempt employees. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and Class Members.

26. Defendants were aware of their obligations to pay overtime to Plaintiff and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates paragraphs 1–26 as if fully set forth herein.

28. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such non-exempt employees for their work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rates for which

they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

29. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/Travis Gasper
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2017, I electronically filed the foregoing document with the Court's ECF system. Service of this Complaint will be made on Defendants with summons to be issued by the Clerk per the Federal Rules of Civil Procedure.

s/Travis Gasper
**TRAVIS GASPER**