IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL CALDWELL, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-cv-1552-C |
| REO CONTRACTORS, INC., KINDALE PITTMAN, individually, and HOLLY KIRK, individually, | § § § § | Jury Demanded |
| Defendants. | § § § | |

BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE

Respectfully submitted,

*/s/ Travis Gasper*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

I. SUMMARY ................................................................................................................... 4

II. SUMMARY JUDGMENT EVIDENCE ..................................................................... 5

III. STATEMENT OF FACTS ........................................................................................ 5

IV. LEGAL STANDARD ................................................................................................ 6

V. ARGUMENT ................................................................................................................ 6

   A. Genuine Issues of Material Facts Preclude Summary Judgment for Defendants .................. 6

      1.   Plaintiff was compensated on a salary basis at a proper rate ....................................... 7

      2.   Plaintiff's primary duty was not performing office or non-manual work directly related to the management or general business operations of the employer ........................... 7

      3.   Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance .................................................................. 8

   B. In the Alternative, the Court Should Grant a Continuance so Plaintiff Can Present Facts Essential to Justify Her Opposition ............................................................................................ 13

VI. CONCLUSION .......................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**

*Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694 (5th Cir. 1999) .............................. 15

*C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41 (1st Cir. 1998) ................................ 14

*Dalheim, v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990) .................................................................. 7

*Enplanar, Inc. v. Marsh*, 11 F.3d 1284 (5th Cir. 1994) ................................................................ 14

*Gottlieb v. Constr. Servs. & Consultants, Inc.*, No. 05-14139-CIV, 2006 WL 5503644 (S.D. Fla.
   July 24, 2006) ............................................................................................................................ 8

*Heidtman v. Cnty. of El Paso*, 171 F.3d 1038 (5th Cir. 1999) ...................................................... 10

*Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577 (N.D. Tex. Aug. 26,
   2014) ........................................................................................................................................ 14

*Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) .............................................. 14

*Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326 (5th Cir. 2000) ............................ 6

*Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345 (S.D. Fla. 2007) .............................. 13

*Raby v. Livingston*, 600 F.3d 552 (5th Cir. 2010) .................................................................. 14, 15

*Sack v. Miami Helicopter Service, Inc.*, 986 F. Supp. 1456 (S.D. Fla. 1997) ................................ 8

*SEC v. Spence & Green Chem. Co.*, 612 F.2d 896 (5th Cir. 1980) .............................................. 14

*Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518 (5th Cir. 1999) ................................... 13

*Villegas v. Dependable Constr. Servs., Inc.*, 2008 WL 5137721 (S.D. Tex. Dec. 8, 2008) ........... 7

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir. 1990) ............................................. 13, 14

*Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915 (5th Cir. 1992) .......................... 15

*Zeleznik v. Universal Restoration Servs. Se., Inc.*, No. 1:10-CV-2444-WEJ, 2011 WL 13244169,
   (N.D. Ga. Dec. 15, 2011) ........................................................................................................ 13

**Regulations**

29 C.F.R. § 541.200 *et seq.* ................................................................................................. 7, 9, 13

**Rules**

Fed. R. Civ. P. 56 .......................................................................................................................... 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL CALDWELL, Individually and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | Civil Action No. 3:17-cv-1552-C |
| **REO CONTRACTORS, INC., KINDALE PITTMAN, individually, and HOLLY KIRK, individually,** | § § § § | Jury Demanded |
| **Defendants.** | § § § | |

BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE

**COMES NOW** Plaintiff, Cheryl Caldwell, and files this Brief in Support of her Response to Defendants' Motion for Summary Judgment or, in the alternative, Plaintiff's Motion for Continuance.

## I.  SUMMARY

Pursuant to Local Rule 56.4(a)–(b), Plaintiff opposes Defendants' Motion for Summary Judgment because there is a genuine issue of material fact as to whether Defendants properly classified Plaintiff as exempt from overtime under the administrative exemption to the FLSA. In the alternative, the Court should stay briefing on Defendants' Motion for Summary Judgment until after it rules on Plaintiff's Motion to Compel, and, if Plaintiff's motion is granted in whole or in part, allow Plaintiff to obtain the discovery sought and, after a short but reasonable time, allow Plaintiff to supplement this response in opposition to Defendants' motion with newly acquired evidence.

## II.  SUMMARY JUDGMENT EVIDENCE

In support of this motion, Plaintiff relies upon the pleadings and evidence already on file in this case, particularly the evidence in the Supplemental Appendix in Support of Defendants' Motion for Summary Judgment (Doc. 34), as well as the following evidence in the Appendix in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment (hereinafter, "App.") filed contemporaneously herewith:

   A.  Declaration of Travis Gasper;

   B.  Declaration of Cheryl Caldwell;

   C.  Transcript Excerpts from Deposition of Plaintiff Cheryl Caldwell; and

   D.  Transcript Excerpts from Deposition of Defendant REO Contractors, Inc..

## III. STATEMENT OF FACTS

1. Plaintiff Caldwell was employed as a Customer Service Representative ("CSR") by Defendants from July 9, 2009, to July 13, 2016.[1]

2. Plaintiff was paid on a salary basis at a rate of not less than $455 per week.[2]

3. Plaintiff did not have a primary duty of performing office or non-manual work directly related to the management or general business operations of Defendants or its customers.[3]

4. Plaintiff did not have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.[4]

5. According to Defendants,[5] the Department of Labor ("DOL") investigated REO in 2016, found former CSRs (including Plaintiff) were non-exempt from overtime, and issued Rule 16b

---

[1] App. 5 at ¶ 1.
[2] App. 5 at ¶ 2.
[3] App. 5 at ¶ 3.
[4] App. 5–6 at ¶ 4.
[5] Despite multiple requests from Plaintiff, Defendants have yet to produce any evidence as to the findings or results of the DOL investigation, forcing Plaintiff to file a motion to compel on October 17, 2018 (Doc. 39). Defendants' response is due on November 7, 2018. *See also*, § V.B, *infra*.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,**
**IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE**                                   Page - 5

letters.[6] Although Defendants claim the DOL investigation found Defendants' current CSR, Tracy Fox, was exempt from overtime, REO testified that Fox's CSR responsibilities and Plaintiff's CSR responsibilities were "very similar."[7]

## IV. LEGAL STANDARD

Generally, whether an employee is exempt from the FLSA's overtime compensation provisions is a question of fact. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000). "However, the ultimate decision whether the employee is exempt . . . is a question of law." *Id.* **The employer bears the burden of proof to show that an exemption applies to the complaining employee; that burden is by a preponderance of the evidence that the exemption is "plainly and unmistakably" applicable.** *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013) (emphasis added). "The court must consider all of the evidence in the light most favorable to the [Plaintiff], drawing all factual inferences in favor of the [Plaintiff], and **leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury**." *Zenimax Media Inc. v. Oculus VR, LLC*, No. 3:14-CV-1849-K, 2018 BL 229236 (N.D. Tex. June 27, 2018) (Kinkeade, J.) (citations omitted) (emphasis added).

## V. ARGUMENT

**A. Genuine Issues of Material Facts Preclude Summary Judgment for Defendants.**

Under the FLSA, to qualify as an exempt administrative employee, the employee must:

(1) be compensated on a salary or fee basis at a rate of not less than $455 per week;
(2) have a primary duty of performing office or non-manual work directly related to the management or general business operations of the employer; and
(3) have a primary duty that includes the exercise of discretion and independent judgment with respect to matters of significance.

---

[6] Doc. 33 at 8.
[7] App. 2–25 at 37:10-38:12; *see also*, § V.B, *infra*.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,**
**IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE**

29 C.F.R. § 541.200(a)(1)-(3).

### 1. *Plaintiff was compensated on a salary basis at a proper rate.*

Plaintiff does not dispute that she was compensated on a salary basis at a rate of not less than $455 per week.[8]

### 2. *Plaintiff's primary duty was not performing office or non-manual work directly related to the management or general business operations of the employer.*

Defendants cannot prove that Plaintiff's primary job duty was the performance of office or non-manual work directly related to the management or general business operations of the employer. Plaintiff's testimony directly contradicts any such claims, so a genuine issue of material fact exists, precluding summary judgment for Defendants.

The regulations relevant to the administrative exemption provide an extensive list of work areas that fall within the exemption, including tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, human resources, employee benefits, labor relations, government relations, or other similar activities. § 541.201(b). "Thus, where an employee is primarily involved in producing the product of the company rather than 'servicing' the company, the administrative exemption does not apply." *Villegas v. Dependable Constr. Servs., Inc.*, 2008 WL 5137721, at *7 (S.D. Tex. Dec. 8, 2008). The Fifth Circuit has described the distinction between administrative and production work as "between those employees whose primary duty is administering the business affairs of the enterprise from those whose primary duty is producing the commodity or commodities, whether goods or services, that the enterprise exists to produce and market." *Dalheim, v. KDFW-TV*, 918 F.2d 1220, 1230 (5th Cir. 1990).

---

[8] App. 5 at ¶ 2.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE**     **Page - 7**

Plaintiff's primary duty was the performance of routine clerical and non-manual tasks **not directly related** to the management or general business operations of REO or its customers.[9] Rather, Plaintiff's duties were related to the production of the goods and services that Defendants provided. Many of Caldwell's duties were indisputably secretarial or clerical, such as taking direction from management, quality assurance inspectors, and field superintendents; typing up summaries of work to be performed based on that information; updating notes and files; and answering phones.[10] These tasks do not qualify as exempt administrative work. *See* § 541.208(c) (noting that "any general office or bookkeeping work is nonexempt work."). The fact that Defendants claim that Plaintiff's work was important to REO and that Plaintiff's work affected REO's profitability are not dispositive. *Gottlieb v. Constr. Servs. & Consultants, Inc.*, No. 05-14139-CIV, 2006 WL 5503644, at *6 (S.D. Fla. July 24, 2006) (citing *Sack v. Miami Helicopter Service, Inc.*, 986 F. Supp. 1456, 1469 (S.D. Fla. 1997)).

Clearly, as to this question, there exist genuine issues of material fact precluding summary judgment.

### 3. *Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance*

Defendants testimony shows they completely fail to understand and appreciate the terms "discretion" and "independent judgment," as used in the FLSA. Defendants' concept of both terms are so broad and all-encompassing that it is difficult to imagine an employee or job duty they would *not* consider exempt; unsurprisingly, such conceptualization leads Defendants to the self-serving conclusion that they properly classified Plaintiff. But as the regulations, case law, and facts of this case show, Plaintiff **lacked** the discretion and independent judgment with respect to matters of significance under the FLSA required for Defendants' to prevail.

---

[9] App. 5 at ¶ 3.
[10] App. 5 at ¶ 3.

The key component of administrative status under the regulations is the exercise of discretion and independent judgment:

> To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

§ 541.202(a).

Factors to consider when determining whether an employee "exercises discretion and independent judgment with respect to matters of significance" include:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operation of the business; whether the employee performs work that affects business operations to a substantial degree . . .; whether the employee has the authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

§ 541.202(b).

The exercise of discretion and independent judgment "must be more than the use of skill in applying well-established techniques, procedures, or specific standards," and "does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." § 541.202(e). Importantly, the Fifth Circuit affirmed a jury finding that the administrative exemption did not apply to employees who spent considerable time compiling information to complete their databases, while still being required to get a

superior's approval before making any significant decisions. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

Defendants claim that nearly all of Plaintiff's job duties required her to exercise discretion and independent judgment. But when pressed on any single duty, their arguments fall apart and reveal that Plaintiff was only carrying out the duties Defendants required of her.[11] For explanatory purposes, the testimony regarding Plaintiff's duties is typically:

> Q: How did Plaintiff exercise discretion or independent judgment in [job duty]?
> A: She had the authority to [job duty].
> Q: Who gave her that authority?
> A: That authority came from [REO management or REO's customer].
> Q: So how is she exercising discretion or independent judgment in [job duty]? Can she choose not to [job duty]?
> A: She had the discretion to choose not to.
> Q: And then what would happen?
> A: She wouldn't have a job because [job duty] was part of her job.[12]

**This is not *discretion* or *independent judgment*.**

Defendants' testimony is that the following duties make an employee administratively-exempt under the FLSA:

- Comparing an approval (from the customer) and a bid (from an estimator) and making sure they match;[13]

- Getting approval from customer for any items that do not match;[14]

- Typing job recap that includes the items required by REO's customers and that REO has told CSR needs to be in the recap;[15]

---

[11] App. 35–36 at 78:6-79:25;
[12] This illustrative testimony was derived from REO's deposition testimony. *See* App. 35–36 at 78:6-79:25.
[13] App. 26–28 at 69:21-71:23.
[14] App. 28–30 at 72:14-73:3.
[15] App. 31–35 at 74:20-78:4.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE**  Page - 10

- Updating/revising order forms based on the items approved by the customer;[16]

- Comparing documents produced by others, like price sheets and estimates, to make sure prices matched—and if they did not, requiring the employee to contact the customer because she did not have authority to change prices herself;[17] and

- Compiling information from a variety of sources and providing updates to the company or its customers based on what the company/customer requires;[18]

**These jobs duties/responsibilities show neither *discretion* nor *independent judgment*.**

In reality, Plaintiff had little or no discretion or independent judgment—let alone with respect to matters of significance.[19] Plaintiff testifies that "[t]here was a policy or procedure for everything I did"[20] and that:

> I did not have the authority to formulate, affect, interpret, or implement management policies or operating practices. I did not carry out major assignments in conducting the operation of the business. I did not perform work that affected business operations to a substantial degree. I did not have the authority to commit Defendants in matters that have significant financial impact. I did not have the authority to waive or deviate from established policies and procedures without prior approval. I did not have authority to negotiate and bind the company on significant matters. I did not provide consultation or expert advice to management. I was not involved in planning long- or short-term business objectives. I did not investigate and/or resolve matters of significance on behalf of management. I did not represent the company in handling complaints, arbitrating disputes, or resolving grievances.[21]

Plaintiff also testifies that she:

---

[16] App. 35–36 at 78:6-79:25.
[17] App. 37–39 at 80:20-82:3.
[18] App. 40–42 at 90:21-92:5.
[19] App. 13 at 27:4-12, 14–15 at 28:23-29:20; App. 5 ¶ 4.
[20] App. 13 at 27:9.
[21] App. 5–6 at ¶ 4.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE**             **Page - 11**

- Had no authority to order any supplies or equipment on her own; everything had to be approved by someone else;[22]

- Voluntarily created a guide (never used by REO) for other CSRs containing a compilation of the many policies and procedures required by REO;[23]

- Had no discretion in performing her job duties, which were merely rote tasks based on company-formulated policies and procedures;[24]

- Took the words from one document and put them into another document, without any authority to make any changes/decisions;[25]

- Only scheduled what other employees/workers told her to schedule;[26] and

- Absorbed duties of laid-off employees, such as answering phones, which she describes as "additional responsibilities."[27]

Throughout her seven-year employment with Defendants, Plaintiff sought additional job duties, responsibilities, and compensation. By and large, Defendants denied her requests and made sure she knew her place. And while Plaintiff may have sent Defendants a letter designed to enhance her duties and responsibilities in order to obtain a raise and position herself to list a more important job title on future resumes, her day-to-day duties remained unchanged. Plaintiff's letter requesting a raise can be analogized to a worker's resume; courts have recognized that resumes are "'typically designed to enhance the employee's duties and responsibilities in order to obtain a job,'" and consider any contradictions in a plaintiff's resume and the facts proffered

---

[22] App. 9–10 at 20:24-21:3.
[23] App. 11–12 at 25:2-26:7.
[24] App. 14–15 at 28:23-29:20.
[25] App. 16–17 at 36:24-37:15.
[26] App. 18 at 39:10-12.
[27] App. 19 at 85:1-11.

in his FLSA case to be "'credibility questions for the factfinder.'" *Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345, 1362 (S.D. Fla. 2007) (internal quotations omitted) (quoting *Schaefer v. Ind. Mich. Power Co.*, 358 F.3d 394, 401 (6th Cir. 2004)); *Zeleznik v. Universal Restoration Servs. Se., Inc.*, No. 1:10-CV-2444-WEJ, 2011 WL 13244169, at *12 (N.D. Ga. Dec. 15, 2011). Further, job titles are not determinative; rather, it is the employee's salary and duties that determine her qualification as an exempt employee. 29 C.F.R. § 541.2.

Here, too, there exists a genuine issue of material fact precluding summary judgment.

**B. In the Alternative, the Court Should Grant a Continuance so Plaintiff Can Present Facts Essential to Justify Her Opposition.**

Federal Rule of Civil Procedure 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (construing former Fed. R. Civ. P. 56(f)). In response to a proper motion for a continuance to obtain further discovery, the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Rule 56(d) discovery motions are broadly favored and should be liberally granted." *Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577, at *3 (N.D. Tex. Aug.

26, 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). The Court generally should grant "a continuance for additional discovery if [the nonmovant]: (i) requested extended discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (citations omitted) (construing former Fed. R. Civ. P. 56(f)). But a Rule 56(d) "motion to re-open discovery [is] procedurally defective"–and therefore must be denied–if "a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment [fails] to present an affidavit or declaration." *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (per curiam).

      The nonmovant, however, must "present specific facts explaining his inability to make a substantive response . . . and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and defeat summary judgment. *Washington*, 901 F.2d at 1285 (internal quotations and citations omitted) (construing former Fed. R. Civ. P. 56(f)). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). "Rather, a request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). The party

requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)).

Considering the attached Declaration of Travis Gasper[28] and contents of Plaintiff's previously-filed motion to compel,[29] Plaintiff has made the required showing to justify her request for an order deferring consideration of Defendants' motion for summary judgment and stay all associated briefing until Plaintiff has an opportunity to conduct discovery essential to Plaintiff's opposition to Defendants' motion for summary judgment.

Plaintiff has diligently pursued documents related to the DOL investigation into Defendants' employees (including Plaintiff) and contact information for individuals with information related to the claims in the legislation—which should have been provided by Defendants months ago. As this information may serve to create a genuine issue of material fact sufficient to oppose and defeat Defendants' motion, the Court should stay briefing on Defendants' motion until after it rules on Plaintiff's motion to compel, and if it grants Plaintiff's motion in whole or in part, allow Plaintiff to obtain the discovery sought and, after a short but reasonable time, allow Plaintiff to supplement this response in opposition to Defendants' motion with newly acquired evidence.

## VI. CONCLUSION

Because Plaintiff's sworn testimony contradicts Defendants' summary judgment evidence, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary

---

[28] App #. Dec of TG
[29] Doc. 39.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,**
**IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR CONTINUANCE**     **Page - 15**

Judgment in its entirety and grant Plaintiff all such other relief that the Court deems just. In the alternative, the Court should stay briefing on Defendants' Motion for Summary Judgment until after it rules on Plaintiff's Motion to Compel, and, if Plaintiff's motion is granted in whole or in part, allow Plaintiff to obtain the discovery sought and, after a short but reasonable time, allow Plaintiff to supplement this response in opposition to Defendants' motion with newly acquired evidence.

        Respectfully submitted,

        */s/ Travis Gasper*
        **J. DEREK BRAZIEL**
        Texas Bar No. 00793380
        jdbraziel@l-b-law.com
        **TRAVIS GASPER**
        Texas Bar No. 24096881
        gasper@l-b-law.com
        Lee & Braziel, L.L.P.
        1801 N. Lamar Street, Suite 325
        Dallas, Texas  75202
        (214) 749-1400 phone
        (214) 749-1010 fax

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

        */s/ Travis Gasper*
        **TRAVIS GASPER**